# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 25-30668

UNITED STATES OF AMERICA,

Appellee,

v.

JOSEPH BOSWELL,

Appellant.

## APPELLANT' S BRIEF

Appeal from the United States District Court
for the Western District of Louisiana, Lake Charles Division
Criminal No. 2:18-cr-00162-JDC-TPL-1
The Honorable James D. Cain, Jr., U.S. District Judge

JOSEPH BOSWELL
REG. NO. 18753-001
2715 HORSESHOE DR.,
ALEXANDRIA, LA 71301
Appearing *Pro Se*

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 25-30668

UNITED STATES OF AMERICA,

Appellee,

v.

JOSEPH BOSWELL,

Appellant.

## APPELLANT' S BRIEF

Appeal from the United States District Court
for the Western District of Louisiana, Lake Charles Division
Criminal No. 2:18-cr-00162-JDC-TPL-1
The Honorable James D. Cain, Jr., U.S. District Judge

JOSEPH BOSWELL
REG. NO. 18753-001
2715 HORSESHOE DR.,
ALEXANDRIA, LA 71301
Appearing *Pro Se*

## CERTIFICATE OF INTERESTED PERSONS

Defendant-Appellant, appearing *pro se,* and in compliance with Fed. R. App. P. 26.1 and 5th Cir. R. 46.1, certifies that the following listed persons and parties have an interest in the outcome of this case:

1) JOSEPH BOSWELL, Defendant-Appellant

2) UNITED STATES OF AMERICA, Plaintiff-Appellee

   Camille Ann Domingue, Assistant U.S. Attorney

3) UNITED STATES DISTRICT COURT

   Honorable James D. Cain, Jr., U.S. District Court Judge

_____

JOSEPH BOSWELL

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    Procedural Background . . . . . . . . . . . . . . . . . . . . . . . . 1-3
    B.    Statement of the Relevant Facts . . . . . . . . . . . . . . . . . . . . 3-9

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    Whether the District Court erred in denying Boswell's Motion for
    Sentence Reduction under 18 U.S.C. § 3582(C)(2) Based on Amendment
    821 to the Sentencing Guidelines . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Estelle v. Gamble,* 429 U.S. 97, 103 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Gall v. United States* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *13*

*Haines v Kerner,* 404 U.S. 519, 520 (1972) . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Kayode,* 777 F.3d 719 (5th Cir. 2014) . . . . . . . . . . . . . . . . . . 10

**Statutes, Rules and Regulations**

18 U.S.C. § 152(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

18 U.S.C. § 3582(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 10

18 U.S.C. § 3742(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

26 U.S.C. § 7201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8, 12

28 U.S.C. § 994(u) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

U.S.S.G. § 1B1.10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

U.S.S.G. § 2T1.1(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

U.S.S.G. § 2T1.1(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

U.S.S.G. § 2T4.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

U.S.S.G. § 3B1.1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

U.S.S.G. § 3B1.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

U.S.S.G. § 5G1.1(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Amendment 821 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 10-14

## STATEMENT OF JURISDICTION

This is an appeal from the denial of Boswell's Motion for Sentence Reduction under 18 U.S.C. § 3582(C)(2) Based on Amendment 821 to the Sentencing Guidelines, on August 21, 2025. See Doc. 262. Boswell filed a Notice of Appeal on November 10, 2025. See Doc. 272. The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

Whether the District Court erred in denying Boswell's Motion for Sentence Reduction under 18 U.S.C. § 3582(C)(2) Based on Amendment 821 to the Sentencing Guidelines.

## STATEMENT OF THE CASE

### A.     Procedural Background

On February 28, 2019, a Grand Jury in the Western District of Louisiana, Lake Charles Division, returned a two (2) count Superseding Indictment against Boswell. See Doc. 8.[1] Count 1s charged  Boswell with Bankruptcy Fraud, in violation of 18 U.S.C. § 152(1). *Id.* Count 2s charged Boswell with Attempt to Evade and Defeat

---

[1] "Doc." refers to the Docket Report in the United States District Court for the Western District of Louisiana, Lake Charles Division in Criminal No. 2:18-cr-00162-JDC-TPL-1, which is immediately followed by the Docket Entry Number. "PSR" refers to the Presentence Report in this case, which is immediately followed by the paragraph ("¶") number.

Payment of Tax, in violation of 26 U.S.C. § 7201. *Id.*

On September 19, 2022, Boswell appeared, with counsel, before United States District Judge James D. Cain, Jr., after the conclusion of a six-day jury trial. See Doc. 25. Boswell was found guilty of Count One of the Indictment which charged Bankruptcy Fraud, in violation of 18 U.S.C. § 152(1), and Count Two of the Indictment, which charged Attempt to Evade and Defeat Payment of Tax, in violation of 26 U.S.C. § 7201. See Docs. 130, 131.

On April 25, 2023, Boswell was sentenced to a term of 60 months' imprisonment as to Counts 1s and 2s, to run concurrently, 3 years Supervised Release as to Counts 1s and 2s, to run concurrently, and a total Mandatory Special Assessment Fee of $200. See Docs. 167, 170.

On May 9, 2023, Boswell timely filed a Notice of Appeal. See Doc. 171.

On June 30, 2023, the Court issued an Amended Judgment, Boswell sentenced as to Count 1s and 2s to 60 months imprisonment per count, to run concurrently; 3 years supervised release as to Count 1s and 2s, to run concurrently; $100 special assessment per count, for a total of $200. Count 1, Dismissed by Superseding Indictment filed on February 28, 2019. Amended Judgment filed June 30, 2023: Restitution ordered in the amount of $646,259.70. See Doc. 185.

On July 6, 2023, Boswell timely filed a Notice of Appeal. See Doc. 186.

2

On July 23, 2024, the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") issued an Order and Adjudged that the Judgment of the District Court be reversed as to Count 1s and affirmed as to the remainder of the judgment, and the cause was remanded to the District Court for further proceedings in accordance with the opinion of this Court. See Doc. 244.

On November 21, 2024, a Re-sentencing Hearing was held. Boswell found not guilty per Fifth Circuit ruling; Count 2s, Defendant sentenced to 60 months imprisonment, with credit for time served in Federal custody since July 17, 2023; 3 years supervised release; $100 special assessment; $646,259.70 restitution. See Docs. 252, 253.

On December 5, 2024, Boswell filed a Motion to Amend/Correct Amended Judgment, which was denied on January 15, 2025. See Docs. 256, 259.

On August 21, 2025, Boswell filed a Motion for Sentence Reduction under 18 U.S.C. § 3582(C)(2) Based on Amendment 821 to the Sentencing Guidelines, which was denied on October 10, 2025. See Docs. 262, 269.

## B.     Statement of the Relevant Facts

### 1.     Offense Conduct

*Count 2: Attempt to Evade and Defeat Payment of Tax*

According to reports, beginning in the early 2000's, Joseph Boswell, Sr.,

3

owned Bosco Services Group, LLC and Specialty Services, Inc., with both companies providing cleaning services to fast food pizza restaurants throughout the country. In May 2010, Boswell filed delinquent tax returns for tax years 2001-2009. The total payment due was $588,358.70. Boswell did not make any payments with the filed returns. His collection case was closed as "not collectible" in 2010. On September 22, 2011, Boswell filed for bankruptcy, and listed a debt to the Internal Revenue Service (IRS) of $751,000.00.

The defendant then entered into a scheme to have all of his debt, including his debt to the IRS, discharged. As part of that scheme, the defendant filed delinquent tax returns so that he could then claim them in subsequent bankruptcy proceedings. He then created multiple business entities in the names of other individuals to avoid assets being used towards the debts which he sought to discharge and transferred his business contracts to the new business entities.

On September 22, 2011, Boswell filed for bankruptcy. Boswell completed several schedules and attached them to his bankruptcy filings. He indicated having $17,500.00 in assets and listed debts totaling $1,603,258.44, including $751,000.00 in debt to the Internal Revenue Service (IRS), which he sought to discharge via a Chapter 7 liquidation, rather than a Chapter 13 repayment/reorganization. He indicated having $100.00 cash on hand, various household goods and clothing, two firearms, a camcorder, and two trucks, one of which he claimed as an exemption. He reported his average monthly income to be $2,570.50, and his average monthly expenses to be $2,563.00, yielding a net income of $7.50 per month. He noted no income for his spouse.

On January 10, 2013, Boswell was questioned under oath by the Assistant United States Bankruptcy Trustee. During the examination/deposition, Boswell admitted that he used his sister to create a nominee business, because he feared the IRS would seize his accounts. He also admitted to dealing in cash and performing oven cleaning work for cash. He went on to make several conflicting statements regarding his income, ownership of assets, and debts.

4

Boswell stated that he worked for his sister, Brenda Murphy, as an employee/contractor of her company, Patriot Green Technologies, Inc. (PGT), a company that provided cleaning services to fast food pizza companies in the same manner as Boswell's former companies. Boswell admitted that he transferred the contracts that he previously held to PGT, in an attempt to hide them from the IRS. On August 15, 2013, the trustee dismissed Boswell's bankruptcy proceedings.

During the same period, the defendant's sister, Brenda Murphy, applied for, and received forgiveness of student loans in the amount of approximately $100,000.00, based on medical records indicating she was unable to work due to having Irritable Bowel Syndrome. She did not report being an owner of PGT.

Investigation into the existence of additional assets revealed that Boswell established and operated several businesses in the names of his family members during those years. He instructed and caused the individuals below to create the following entities in furtherance of his fraud:

    a)    Patriot Green Technologies, Inc., (PGT) established in June 2008, lists Brenda Murphy, Boswell's sister, as the owner.

    b)    Cheswell Unlimited, LLC, established in September 2012, lists Lonnie Chestnut, a friend, as the owner.

    c)    Tiki Pizza, LLC, established on March 1, 2013, lists Brenda Murphy, sister, and Joseph Boswell, Jr. (Joey), Boswell's son, as the owners. Joey was 17 years old at the time this company was formed.

    d)    Ambient Solutions, LLC, established May 2013, lists Brenda Murphy, sister, as owner.

    e)    Moose Brother's Project Management, LLC, established May 2014, lists Tracy Boswell, wife, and Joseph R. Boswell, Jr., son, as the owners.

Investigation revealed that after filing for bankruptcy in attempt to discharge his tax debt, BOSWELL performed the same work as what he previously performed doing business as Bosco, but under company names Ambient, PGT, and Tiki. Boswell negotiated all the service contracts on behalf of the companies. He directed them to make payments to his wife, Tracey Boswell, for work that had been performed. He was in control of these companies and directed Tracey Boswell as to what to do with the money.

Despite depositing millions of gross receipts from the nominee-businesses, Boswell reported negligible income during the years 2011 to 2015. The nominee-businesses received the following gross business deposits into five Chase Business Classic accounts:

| 2011 | $ 608,787.16 |
|------|--------------|
| 2012 | $ 650,399.61 |
| 2013 | $ 461,314.27 |
| 2014 | $ 717,130.70 |
| 2015 | $ 826,678.28 |
| Total: | $3,264,310.02 |

Boswell also stated under oath that he had lost his residence due to foreclosure and was not trying to repurchase the home. Investigators later found that Boswell had instructed Lonny Chesnut of Alexandria, Louisiana, to create Cheswell Unlimited, LLC to purchase the foreclosed home for Boswell, but give the appearance of belonging to an entity. Boswell then entered a lease-to-own contract with Cheswell on behalf of Tiki. Tiki then paid approximately $89,000.00 in rental payments to Cheswell on behalf of Boswell from 2013 to 2015.

See PSR ¶¶ 10-19.

2.    Trial Proceeding

During the six-day jury trial in September 2022, the Government alleged that

Boswell used corporate entities nominally owned by family members to conceal his

6

assets from both bankruptcy creditors and the IRS. It called as witnesses employees of the U.S. Trustee's Office and the IRS who investigated Boswell. It also called Boswell's ex-wife, Marcia, who testified about Boswell's use of multiple corporate entities to carry out his business, and creditor Wells, who testified about Boswell's use of corporate entities to evade the IRS.

Conversely, Boswell's attorney relied on the testimony of Brenda Murphy and Boswell's son, who testified that they were the legitimate owners of the businesses. Boswell further argued, especially during closing argument, that any inaccuracies in Boswell's bankruptcy petition should be attributed to his attorney Christian Chesson, who had previously been sanctioned by a bankruptcy court.

Boswell moved for a judgment of acquittal both at the end of the prosecution's case-in-chief and at the end of trial, and the district court denied the motion both times. Following deliberations, the jury convicted Boswell on both counts.

The probation office released its presentence report on November 10, 2022.

3.     Presentence Report Calculations and Recommendations

The PSR was ordered by the District Court and prepared by the U. S. Probation Department. The base offense level is the level from §2T4.1 (Tax Table) corresponding to the tax loss, USSG §2T1.1(a)(1). For a tax loss exceeding $1,500,000.00, but less than $3,500,000.00, the base offense level is 22, USSG §2T4.1(I). See PSR ¶ 29.

7

Boswell's conduct constitutes sophisticated means, and the offense level was increased by two levels, pursuant to USSG §2T1.1(b)(2). See PSR ¶ 30. Bosswell organized at least four individuals who had business entities placed in their names to assist the defendant his scheme to commit tax evasion, and he was thus the leader of an activity that involved five or more participants. Therefore, the offense level was increased by four, pursuant to USSG §3B1.1(a). See PSR ¶ 32. Bosswell used his son, who was seventeen years old, to help commit the offense and to help conceal the offense, by having his son's name placed on the Articles of Organization for Tiki Pizza, LLC. As such, he used a person less than eighteen years of age to commit the offense and to assist in avoiding detection of the offense, and the offense level was increased by two, pursuant to USSG §3B1.4. See PSR ¶ 33. The PSR calculated Boswell's Total Offense Level at 30. See PSR ¶ 38. Boswell has a total of zero (0) criminal history score, placing him in Criminal History Category I. See PSR ¶ 45. The maximum term of imprisonment is five years, 26 U.S.C. § 7201. See PSR ¶ 103. Based upon a Total Offense Level of 30 and a Criminal History Category of I, the guideline imprisonment range of imprisonment is 97 to 121 months. However, the statutorily authorized maximum sentence is 60 months, which is less than the minimum of the applicable guideline range; therefore, the guideline term of imprisonment is 60 months, USSG § 5G1.1(a). See PSR ¶ 104.

8

### 4.    Sentencing Proceeding

The district court sentenced Boswell to sixty months' imprisonment and three years of supervised release. The district court declined to decide the issue of restitution at Boswell's sentencing hearing, electing to receive briefing from the parties on the issue and reach a decision at a later hearing. Boswell filed his initial notice of appeal on May 9, 2023. At the subsequent restitution hearing on June 27, 2023, the district court ordered Boswell to pay $646,259.70 in restitution to the IRS as a condition of supervised release. Boswell filed another notice of appeal from that order on July 6, 2023.

### 5.    Appellate Proceeding

On July 23, 2024, the United States Court of Appeals for the Fifth Circuit responded to an appeal filed by the defendant and noted that the Government improperly sealed the Indictment, which in turn failed to toll the statute of limitations. The indictment was thus untimely under the statute of limitations and Boswell's conviction under Count One was reversed. The conviction for Count Two was affirmed. The matter was remanded to the District Court for resentencing. See PSR ¶ 8.

## **ARGUMENT**

As a preliminary matter, Boswell respectfully requests that this Court be mindful

that pro se litigants are entitled to liberal construction of their pleadings. *See United States v. Kayode*, 777 F.3d 719 (5ᵗʰ Cir. 2014) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."); *Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Haines v Kerner*, 404 U.S. 519, 520 (1972) (same).

## The District Court Erred in Denying Boswell's Motion to Reduce Sentence - First Step Act.

The District Court in its Order denying Boswell's First Step Act Motion reads as:

> Upon motion of the defendant under 18 U.S.C.§ 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C.§ 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,
>
> IT IS ORDERED that the motion is: DENIED.

See Doc. 269.

The District Court erred in its Order denying Boswell's Motion for the following reasons:

## I.    AMENDMENT 821 AND ITS APPLICATION

Amendment 821, effective November 1, 2023, specifically reduces offense levels

10

for tax-related offenses under USSG § 2T1.1, which applies to Boswell's case. The amendment limits the application of enhancements for "sophisticated means" and "leadership role" in cases like Boswell's, where the conduct does not meet the new criteria for these enhancements.

**Reduction in Offense Level for Tax Offenses**

Amendment 821 specifically reduces offense levels for those convicted of tax-related offenses, particularly where sentencing enhancements for "sophisticated means" or "leadership role" were applied without sufficient evidence of those factors. Boswell's case was sentenced under the prior version of the guidelines, which included these enhancements, resulting in a Total Offense Level of 30.

Amendment 821 now limits the use of these enhancements, and Boswell's case would be eligible for a recalculated, lower offense level if these enhancements are deemed inapplicable under the new guidelines. If his offense level is lowered, the sentencing range would similarly decrease, possibly allowing for a reduced sentence.

## II. ARGUMENT FOR RELIEF BELOW THE STATUTORY MINIMUM

While Amendment 821 offers the potential for a recalculation of Boswell's offense level, it is crucial to consider the broader equitable relief Boswell deserves in this case. Even though the statutory maximum sentence for tax evasion under 26 U.S.C.

11

§ 7201 is 60 months, Boswell argues that his unique circumstances warrant a sentence below this statutory maximum, in the interest of justice and fairness.

## A.    Application of Amendment 821

Boswell's case, when recalculated under Amendment 821, would likely result in a lower offense level because:

1.    The enhancements for sophisticated means and leadership role were applied based on factors that are now deemed less relevant under Amendment 821.

2.    Boswell's role in the offense—while involving multiple businesses and entities—did not constitute the large-scale conspiracy that Amendment 821 was intended to target.

Thus, Amendment 821 may lead to a reduction in Boswell's offense level, but it also provides an opportunity for the Court to reconsider the equity of imposing a 60-month sentence given the revised guidelines.

## B.    Lack of Aggravating Factors

Boswell's offense did not involve violent conduct, co-conspirators, or a significant level of fraud beyond what was necessary for tax evasion. His role in the scheme was not as a "mastermind" but rather as a small-scale operator who used nominee companies to conceal assets. The evidence does not support a large-scale criminal enterprise that would warrant the maximum sentence.

Boswell has no criminal history, which further supports the argument for a

12

reduced sentence. The absence of prior offenses and the non-violent nature of his crime suggest that the 60-month sentence may be excessive, particularly when considering the guidelines recalculation under Amendment 821.

### C.    Rehabilitation and Other Mitigating Factors

Boswell has demonstrated significant efforts at rehabilitation while incarcerated, actively engaging in educational programs and vocational training. His positive behavior in custody and commitment to turning his life around should be considered by the Court as additional grounds for relief.

As the Supreme Court noted in *Gall v. United States*, sentencing must be individualized and proportional to the offense and the defendant's circumstances. Boswell's conduct, the lack of criminal history, and his positive efforts in custody all suggest that a sentence reduction below the statutory maximum would be both fair and just.

### III.    <u>REQUEST FOR RELIEF BELOW THE MANDATORY MINIMUM</u>

In light of Amendment 821, which alters the sentencing framework for tax-related offenses, Boswell respectfully requests that the Court reduce his sentence below the statutory maximum of 60 months, taking into account the lowered offense level, the absence of aggravating factors, and his rehabilitation efforts.

While Amendment 821 provides a basis for a reduced sentencing range, Boswell also contends that equitable relief is appropriate in his case. The 60-month sentence, when recalculated under the revised guidelines, does not reflect the true nature of his offense or his personal circumstances, and the Court should use its discretion to adjust the sentence accordingly.

## CONCLUSION

For the reasons outlined above, Boswell respectfully requests that this Court reduce his sentence based on Amendment 821 to the United States Sentencing Guidelines. Boswell argues that he is entitled to relief below the statutory maximum of 60 months based on the lower offense level, the absence of aggravating factors, and his rehabilitation efforts.

Boswell prays that this Court, in exercising its discretion, grants him the relief he seeks to ensure that his sentence is fair and just in light of the revised guidelines and his individual circumstances.

14

Respectfully submitted,

Dated: January 2⊋ 2026

JOSEPH BOSWELL
REG. NO. 20966-035
2715 HORSESHOE DR.,
ALEXANDRIA, LA 71301
Appearing *Pro Se*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32 (a)(7)(C), and Fifth Circuit Rule 32(g)(1), I certify that the attached Appellant's Brief is proportionately spaced, has a typeface of 14 points or more, and contains 3,596 words.

Dated: January 20, 2026

JOSEPH BOSWELL

## CERTIFICATE OF SERVICE

I hereby certify that on January ___, 2026, I sent via U. S. Mail, postage prepaid, a true and correct copy of the Appellant's Brief to Camille Ann Domingue, Assistant U.S. Attorney at U.S. Attorney's Office - Western District of Louisiana, Suite 2200, 800 Lafayette Street, Lafayette, LA 70501-6832.

JOSEPH BOSWELL

15

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

This package is made from post-consumer waste. Please recycle - again.

**UNITE POSTA**
**UNITED STATES POSTAL SERVICE**

**P** **PRIORITY MAIL®**

**P** US POSTAGE PAID
Origin: 77070
01/20/26
4800420059-07

$11.95

**Retail ®**

EXPECTED DELIVERY DAY: 01/22/26

0 Lb 3.80 Oz

RDC 03

C027

SHIP
TO:
600 S MAESTRI PL
NEW ORLEANS LA 70130-3414

Pickup,

USPS TRACKING® #

9505 5104 4804 6020 1897 48

■ Expected delivery date
■ Domestic shipments inc
■ USPS Tracking® service
■ Limited international ins
■ When used international

*Insurance does not cover certai
Domestic Mail Manual at http://p
** See International Mail Manual

**FLAT RATE**
ONE RATE ■ ANY WEIC

**TRACKED ■ I**

ations.

PS00001000014

FROM:

Joseph Boswell
Reg. No. 18953-001
2915 Horseshoe Dr.
Alexandria, LA 71301

TO:

Mr. Lyle Cayce
Clerk of Court
Court of Appeals.
Fifth Circuit
600 S. Maestri Place
New Orleans, LA
70130-3408

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.