

**United States Department of Justice**

*United States Attorney's Office*
*Western District of Louisiana*

March 5, 2026

*Tom Stagg United States Courthouse*
*300 Fannin Street, Suite 3201*
*Shreveport, Louisiana  71101*
*Phone:  318-676-3600*
*Fax:    318-676-3641*

*John M. Shaw United States Courthouse*
*800 Lafayette Street, Suite 2200*
*Lafayette, Louisiana  70501*
*Phone:  337-262-6618*
*Fax:    337-262-6682*

Honorable Lyle W. Cayce, Clerk
U. S. Court of Appeals for the Fifth Circuit
600 South Maestri Place
New Orleans, LA 70130

> RE:  *United States v. Boswell*
> Fifth Circuit No. 25-30668
> USDC No. 2:18-CR-162-1
> Letter brief on Behalf of the Appellee,
> The United States of America

Dear Mr. Cayce:

The United States respectfully submits this letter brief in response to Joseph Boswell's *pro se* brief challenging the district court's denial of his motion for reduction in sentence, filed pursuant to 18 U.S.C. § 3582(c)(2).  Boswell asserts he was entitled to a reduction in sentence under Amendment 821, which, he contends, "reduce[d] offense levels for tax offenses, under U.S.S.G. § 2T1.1 …."  Brief at pp. 10-11.  As Amendment 821 did not concern offense levels for tax offenses, and the only retroactively applicable provisions of Amendment 821 either do not apply to him or, if applied, do not produce a lower guideline range, Amendment 821 does not otherwise result in a lower offense level for him, and Boswell was not entitled to a reduction.  The district court did not err in denying one.

## RELEVANT FACTS

The facts established at trial and set forth in the final version of the PSR reflect that Boswell engaged in a complex scheme to evade and defeat the payment of federal income tax.[1]  The scheme concerned two businesses owned by Boswell, Bosco Services Group, LLC, and Specialty Services, Inc., both of which provided cleaning services to fast food pizza restaurants.  In May of 2010, Boswell filed delinquent tax returns for tax years 2001 through 2009. The total payment due was $588,358, though Boswell did not tender any payments with those returns.  His collection case was closed by the IRS as "not collectible" in 2010.  Doc. 255, at ¶¶ 10.

In September of 2011, as part of a scheme to secure the discharge of all his debts, including his debts to the IRS, Boswell filed for bankruptcy under Chapter 7, listing a debt to the Internal Revenue Service of $751,000.  In his schedules, he reported nominal income and assets.  In truth, however, Boswell continued to work in the same pizza-shop cleaning business, doing so under a variety of companies opened at his direction in the names of friends and relatives.  One such company, Tiki Pizza, LLC, was opened in the name of his son, who was a minor at the time, and his sister.  Regardless of registered ownership, however, Boswell negotiated all the service contracts on behalf of the companies and directed them to make payments to his wife for the work that was performed.  Doc. 255, at ¶¶ 11-17.

Despite depositing over $3.2 million in gross receipts from his nominee businesses, Boswell reported negligible income on his personal tax returns for tax years 2011 to 2015.  Similarly, those earnings were never reported on any corporate income tax returns.  Doc. 255, at ¶¶ 18, 21.

---

[1] As set forth in further detail *post*, Boswell's case was remanded to the district court for re-sentencing, and at that time, the probation officer issued a new PSR.  This factual summary derives from that version of the PSR.  *See* Doc. 255, at ¶¶ 10-23.

## RELEVANT PROCEDURAL HISTORY

On February 28, 2019, Boswell was charged by Superseding Indictment with one count of bankruptcy fraud, in violation of 18 U.S.C. § 152(1) (Count 1), and one count of attempting to evade and defeat payment of tax, in violation of 26 U.S.C. § 7201 (Count 2). ROA.58-59. After a six-day jury trial, he was convicted on both counts and was later sentenced to concurrent terms of 60 months' imprisonment. ROA.509-10, 545-46.

Boswell timely pursued a direct appeal. ROA.555. On July 23, 2024, this Court vacated Boswell's conviction on the bankruptcy fraud count, finding the indictment was time-barred as to that count only. ROA.864-93. The Court affirmed his conviction on the tax fraud count. ROA.881-91. *See also, United States v. Boswell*, 109 F.4th 368 (5th Cir.), *cert. denied*, 145 S.Ct. 780 (2024).

On remand for re-sentencing, the probation officer prepared a new PSR, re-calculating the defendant's advisory guideline range based solely on the remaining conviction, which was for tax fraud (Count 2). Using the 2023 edition of the guidelines, the new PSR, issued on September 11, 2024, recommended a base offense level of 22, pursuant to U.S.S.G. § 2T4.1(I), which is the base offense level pertaining to tax offenses involving tax losses between $1.5 and $3.5 million.[2] Doc. 255, at ¶ 29. To that value, the following enhancements were added: two levels under U.S.S.G. § 2T1.1(b)(2) because the offense involved "sophisticated means"; four levels under U.S.S.G. § 3B1.1 (a) because Boswell served as a leader or organizer of criminal activity involving at least five participants; and two levels under U.S.S.G. § 3B1.4 because the defendant used his minor son in the commission of the offense, producing a total offense level of 30. Doc. 255, at ¶¶ 30-38.

Boswell earned zero criminal history points, producing a Criminal History Category I. Doc. 255, at ¶¶ 43-45. A total offense level of 30 and a Criminal History Category I typically correlated to an advisory range of 97-121 months. Doc. 255, at ¶ 104. That range was restricted,

---

[2] The PSR determined the tax loss was $1,932,313.90. Doc. 255, at ¶ 24.

however, by the 60-month statutory maximum, thus the defendant's advisory range, pursuant to U.S.S.G. § 5G1.1(a), was 60 months.  Doc. 255, at ¶ 104.

On November 21, 2024, the district court re-sentenced Boswell within the restricted range to 60 months' imprisonment.  ROA.897-98, 899-902.  He did not appeal.

On August 21, 2025, the defendant filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(2), asserting that Amendment 821 to the guidelines, scheduled to take effect in November of 2023, "significantly alters the sentencing framework for individuals convicted of tax-related offenses, specifically reducing offense levels for those convicted of tax fraud offenses who did not engage in sophisticated means or large scale conspiracies."  ROA.942.  He further argued that if the purported amendment was applied to his case, it "would likely result in a lower offense level," because those enhancements would no longer apply to him.  ROA.949-50.

Pursuant to a standing procedural order entered by the court, ROA.953-55, the U.S. Probation Office produced a "2023 Retroactive Amendment 821 Worksheet" addressing Boswell's eligibility for a reduction under § 3582(c)(2), Doc. 267, at pp. 1-3.  Without specifically confronting the defendant's assertion that Amendment 821 concerned tax offenses, the probation officer addressed Part B of the Amendment, the provision applicable to the new guideline (§ 4C1.1) governing so-called "zero-point offenders." The worksheet acknowledged that Boswell had no criminal history points, and it identified no disqualifying criteria under § 4C1.1(a), thus Boswell qualified for a two-level reduction under § 4C1.1.[3]  Doc. 267, at p. 2.  The probation officer found, however, that Boswell was not eligible for relief under § 3582(c)(2), because even with the two-level reduction provided under § 4C1.1, Boswell's range (78-97

---

[3] As discussed in further detail *post*, the probation officer erred in failing to identify disqualifying criteria, namely, the fact that Boswell had been assessed an aggravating role under § 3B1.1.  *See United States v. Jones*, 136 F.4th 272, 276-78 (5th Cir.), *cert. denied*, 146 S.Ct. 249 (2025), (clarifying the interpretation of the 2023 version of U.S.S.G. § 4C1.1(a)(10)).

months) still exceeded the statutory maximum, thus his final (restricted) range remained unchanged at 60 months. Doc. 267, at p. 3.

Though the court's procedural order permitted the parties to file objections to the retroactivity report, ROA.955, neither one did.

On October 10, 2025, the district court denied the motion. ROA.1008. Judgment was entered that same day.

On November 10, 2025, the clerk filed into the record the defendant's notice of appeal, along with a cover letter that accompanied it, and the envelope used to mail it. ROA.1021-23. The notice of appeal, filed outside the 14 days permitted by Federal Rule of Appellate Procedure 4(b)(1)(A)(i), did not include a certificate of service or any assertion regarding whether it had been sent using the prison mail system, and if so, on what date. *Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that under the "prison mailbox rule," a pleading is deemed "filed" as of the day it is placed in the prison's mailing system); Fed. R. App. P. 4(c)(1) (codifying the mailbox rule for inmate filings and requiring "a declaration in compliance with 28 U.S.C. § 1746—or a notarized statement—setting out the date of deposit and stating that first-class postage is being prepaid," and providing that the inmate must use the prison mail system to take advantage of the mailbox rule). Further, the image of the envelope in the record does not bear any postmark or any indication it was actually handled by the prison mail system. ROA.1023.

Accordingly, Boswell has not established his notice of appeal was timely filed. *See United States v. Duran*, 934 F.3d 407, 412-13 (5th Cir. 2019) (recognizing that "the burden is on the *pro se* prisoner to show when his pleading was tendered to prison officials for delivery to the court" and thus to establish "his filings [were] timely," and holding that Duran did not do so because he did not include a certification of when he deposited the motion in the prison mailing system, and the envelope did not include a stamp reflecting it had been processed by the prison). Regardless, in the interests of justice, the United States affirmatively waives any defect based on timeliness. *See United States v. Martinez*, 496 F.3d 387, 388 (5th Cir. 2007).

## ARGUMENT

### *Standard of Review*

This Court reviews a district court's refusal to grant a motion for reduction in sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 718 (5th Cir. 2011). A district court abuses its discretion only if "it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Smith*, 417 F.3d 483, 486–87 (5th Cir. 2005).

### *Amendments 821 and 825*

Amendment 821 to the sentencing guidelines includes three parts, none of which specifically amended the guidelines covering tax offenses. Part A altered the "status points" provision regarding criminal history, creating a new section, U.S.S.G. § 4A1.1(e), that changed the assessment of so-called "status points" for offenses committed while the defendant was serving another sentence. U.S.S.G. Supp. App. C, Amendment 821, Part A (Nov. 2023).

Part B of Amendment 821 created a new provision, U.S.S.G. § 4C1.1, that provides a two-level adjustment to the offense level for certain offenders with zero criminal history points. U.S.S.G. Supp. App. C, Amendment 821, Part A (Nov. 2023). Not all zero-point offenders qualify, however, under the new provision, as § 4C1.1 includes a lengthy list of disqualifiers, all phrased in the negative. Potentially relevant here, a defendant with zero criminal history points is eligible for the two-level reduction if he "did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." U.S.S.G. § 4C1.1(a)(10) (2023). *In United States v. Jones*, 136 F.4th 272, 277 (5th Cir.), *cert. denied*, 146 S.Ct. 249 (2025), this Court held, in a published opinion, that "§ 4C1.1(a)(10) has two independently disqualifying conditions," and thus a defendant who received an aggravating role enhancement under § 3B1.1(b) "was and remains ineligible for an offense level reduction under § 4C1.1(a)." *Jones*, 136 F.4th at 277 (addressing the original, 2023 version of § 4C1.1(a)(10)).

6

Finally, Part C of Amendment 821 amended the Commentary to U.S.S.G. § 4A1.3 to provide for discretionary downward departures from the defendant's Criminal History Category if the defendant's criminal history included certain convictions for simple possession of marijuana. U.S.S.G. Supp. App. C, Amendment 821, Part C (Nov. 2023).

Amendment 825, passed at the same time, specified that only Parts A and B of Amendment 821 apply retroactively. U.S.S.G. Supp. App. C, Amendment 825 (Nov. 2023); U.S.S.G. § 1B1.10(d) (2023).

### *Motions Under 18 U.S.C. § 3582(c)(2)*

Motions for sentence reduction to obtain the benefit of retroactive guidelines must be brought under 18 U.S.C. § 3582(c)(2). That section provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The "applicable policy statement" referenced in § 3582(c)(2) is contained in U.S.S.G. § 1B1.10. Subsection (d) of that provision lists all the amendments that apply retroactively. Only Parts A and B of Amendment 821 appear in that listing. U.S.S.G. § 1B1.10(d).

Under the express language of § 1B1.0, a reduction in the defendant's term of imprisonment is not "consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)" if either "[n]one of the amendments listed in subsection (d) is applicable

7

to the defendant," or a listed amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(A) & (B); *see also, United States v. Cobb*, 514 F. App'x 502, 504 (5th Cir. 2013) (recognizing that "§ 3582(c)(2) permits a sentence reduction only within the narrow bounds established in § 1B1.10").

In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court established a two-step approach for addressing § 3582(c)(2) motions. At step one, the district court must "begin by determining the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing, substituting only the amended provisions and "leav[ing] all other guideline application decisions unaffected." § 1B1.10(b)(1). Only if that analysis reveals a reduction is authorized should the district court move to step two—considering "any applicable § 3553(a) factors and determin[ing] whether, in [the court's] discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 826-27. Even where a reduction is available, however, § 3582(c)(2) does not authorize a plenary resentencing. *Dillon*, 560 U.S. at 827.

In the light of these provisions, the district court did not abuse its discretion in denying the defendant's § 3582(c)(2) motion for two alternative reasons:

1. **This Court may affirm the denial of Boswell's § 3582(c)(2) motion because neither Part A nor Part B of Amendment 821, the only two retroactively applicable provisions, apply to him.**

As discussed above, the amendment cited in Boswell's motion, Amendment 821, does not, as he contends, "reduce[ ] offense levels for those convicted of tax-related offenses, particularly where sentencing enhancements for 'sophisticated means' or 'leadership role' were applied without sufficient evidence of those factors." Brief at p. 11. While it is true *pro se* briefs are entitled to liberal construction, even a *pro se* litigant is not excused from identifying the provision that supposedly affords him

8

relief.[4] *Ramirez v. Isgur*, 544 F. App'x 532, 533 (5th Cir. 2013) ("Even pro se briefs must make relevant arguments and cite relevant authorities.").

And in fact, neither Part A nor Part B of Amendment 821 applies to Boswell. Part A is indisputably irrelevant; Boswell was not serving another sentence at the time he committed the instant offense and thus was never assessed any "status points." Doc. 255 at ¶¶ 43-45.

And while the probation officer seemed to believe Part B applied to Boswell, Doc. 267, at p. 2, that conclusion was incorrect, in that it overlooked this Court's ruling in *Jones* clarifying the interpretation of the 2023 version of § 4C1.1(a)(10). *See Jones*, 136 F.4th at 277 (recognizing that the phrase "did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848" includes "two independently disqualifying conditions," and so a defendant is ineligible if he satisfies either provision). Indeed, a 2024 amendment to § 4C1.1 separated into two separate subsections the two disqualifying conditions previously included in the 2023 version of § 4C1.1(a)(10), thus endorsing this Court's construction in *Jones*. U.S.S.G. Supp. App. C, Amendment 831 (Nov. 2024).

Boswell was assessed four levels under § 3B1.1(a) for being a leader or organizer of the criminal activity. Doc. 255 at ¶ 32. Accordingly, he was ineligible for a reduction under § 4C1.1, and thus ineligible for § 3582(c)(2) relief. U.S.S.G. § 1B1.10(a)(2)(A). And while it is true the district court may not have denied the motion on that ground, the court of appeals may affirm on any basis supported by the record. *United States v. Taber*, 643 F. App'x 452, 452 (5th Cir. 2016) (reviewing a §3582(c)(2) ruling).

---

[4] The United States is unaware of any guideline amendment that does what Boswell describes. Regardless, Boswell would not only have to identify such an amendment, but that amendment would have to be one deemed retroactively applicable by the Commission. *See United States v. Warner*, 772 F. App'x 94, 95 (5th Cir. 2019) ("§ 3582(c)(2) relief may be obtained based only on retroactive amendments listed in § 1B1.10(d)"). The last amendment deemed retroactively applicable is Parts A and B of Amendment 821. U.S.S.G. § 1B1.10(d).

9

**2.    Alternatively, the district court did not abuse its discretion in denying Boswell's motion because even applying Amendment 821 does not lower his guideline range, so he was ineligible for a § 3582(c)(2) reduction.**

Alternatively, because Amendment 821 did not effectively lower Boswell's guideline range, making him ineligible for § 3582(c)(2) relief, the district court properly denied his motion.  Even assuming, as the probation officer found, that Boswell was eligible for a two-level reduction under § 4C1.1, Doc. 267, at p. 2, as the officer also found, applying that two-level reduction had no effect on the final range.  That is because even with the reduction, Boswell's range still exceeded the statutory maximum of 60 months, so the statutory maximum still supplied the guideline range.  U.S.S.G. § 5G1.1(a); Doc. 255, at ¶ 104; Doc. 267, at p. 3.  And because there was no change to his advisory guideline range, Boswell was ineligible for a § 3582(c)(2) reduction.  U.S.S.G. § 1B1.10(a)(2)(B); *United States v. Harden*, 785 F. App'x 205, 206 (5th Cir. 2019).  The district court did not err in denying the motion on that alternative ground.

## CONCLUSION

Boswell was not entitled to a sentence reduction under § 3582(c)(2), either because no retroactively applicable aspect of Amendment 821 applied to him, or because even if the Part B provision regarding zero-point offenders did apply, it did not reduce his previously determined guideline range.  The district court's judgment denying his § 3582(c)(2) motion should be affirmed.

Respectfully submitted,

BRANDON B. BROWN
United States Attorney


BY:  *s/ Camille A. Domingue*

CAMILLE A. DOMINGUE (#20168)
Assistant United States Attorney
Lafayette Branch, (337) 262-6618

CAD/ell
cc:    Mr. Joseph Boswell, Sr., #20966-035 *(via United States Mail)*

## CERTIFICATE OF SERVICE AND
## COMPLIANCE WITH ECF FILING STANDARDS

I hereby certify that a copy of the foregoing letter brief on behalf of Appellee, The United States of America, was filed electronically with the Fifth Circuit Court of Appeals using the electronic filing system. Notice of this filing will be sent to the *pro se* appellant by United States Mail as follows:

> Mr. Joseph Boswell, Sr.
>  #20966-035
> RRM Dallas
> Residential Reentry Office
> US Armed Forces Reserve CMPL
> 344 Marine Forces Dr.
> Grand Prairie, TX 75051

In addition, I hereby certify that: (1) all required privacy redactions have been made pursuant to 5th Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document pursuant to 5th Cir. R. 25.2.1; and, (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

Lafayette, Louisiana, this the 5th day of March, 2026.

BY:  *s/ Camille A. Domingue*

CAMILLE A. DOMINGUE (#20168)
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501
(337) 262-6618

12

## CERTIFICATE OF COMPLIANCE

1.    This letter brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

   (a)    This brief contains **3,147** words.

2.    This letter brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   (a)    This brief has been prepared in a proportionally spaced typeface using:

   Software Name and Version – **Microsoft Word Office 365;**

   in Typeface Name and Font Size – **Century Schoolbook 14 pt.**


*s/Camille A. Domingue*                              March 5, 2026
CAMILLE A. DOMINGUE (#20168)         Date
Assistant United States Attorney

13